**JOHNSON, ESTATE OF, In Re.**

Probate Court, Tuscarawas County.

Decided October 25, 1943.

334

J. E. Patrick, New Philadelphia, for administrator.

## OPINION

By LAMNECK, J.

On September 24, 1943, Joseph A. Johnson, administrator of the estate of Mary A. Johnson, deceased, filed a final account of his administration of said estate in this court, and accompanied said account with a motion to be discharged. Notice of the filing of said account was published on October 2, 1943, but no hearing as contemplated by §§10506-36 to 10506-40, inclusive, GC, was ordered by the court or requested by the administrator or by any interested party. 'The question now arises whether the court can approve said account and order the administrator's discharge without the formality of notice and hearing as provided by §§10506-36 to 10506-40, inclusive, GC.

The confusion now existing relative to the approval of accounts of fiduciaries was created by the enactment of present §§10506-34 to 10506-40a, inclusive, and the repeal of §§10509-170, 10509-176 and 10509-177 GC under amended House Bill No. 268 effective September 20, 1943.

The sections relating to the filing and approval of fiduciaries' accounts now in effect in so far as they relate to the question in issue provide in substance:

1. When an account is filed the court shall cause notice of the filing thereof to be published in some newspaper of general circulation in the county. (§10506-34 GC.)

2. The court must require the fiduciary to exhibit to the court the securities or deposits held by him, or certificates of the depositories holding the securities or deposits in lieu thereof. (§10506-34 GC.)

3. The court must examine all accounts and may examine any fiduciary under oath touching the account. (§10506-34 GC.)

4. A formal hearing shall be ordered with fifteen days notice to all interested parties to be held not earlier than thirty days after an account is filed if the fiduciary or any interested party requests it, or the court on its own motion orders it. (§10506-36, 37, 38 and 39, GC.)

5. Objections must be filed five days before the date set for formal hearing. (§10506-39 GC.)

6. The final order of the court approving an account after formal hearing is a final judgment and relieves the fiduciary and his sureties from liability to all interested parties properly before the court, subject to the right of appeal and vacation as provided by law. (§10506-40 GC.)

The statutes now in effect are absolutely silent as to what procedure is to be followed when notice is given that an account has been filed, and neither the fiduciary nor an interested party has requested a formal hearing, and the court on its own motion has not ordered it.

Following the effective date of amended House Bill No. 268, this court adopted Court Rule 21A, which reads as follows:

The accounts of all fiduciaries filed in this court shall be set for confirmation on the first Monday following the third full week from the date of advertisement and be continued from day to day until disposed of. On the day set for confirmation all accounts will be approved which appear to be filed in the form and which are verified by the proof required by §10506-34 GC, and on which no formal hearing has been ordered as provided by §§10506-36 to 10506-40 GC. The approval of the final accounting of a fiduciary without a formal hearing shall include the discharge of the fiduciary.

On the 1st and 3rd Saturdays of each month the accounts filed prior thereto and not previously advertised shall be advertised one insertion in a group in The Daily Times, a newspaper of general circulation in Tuscarawas County. Said advertisements shall specify that said accounts are suspended for examination of the receipts and disbursements shown thereon, and that any person interested in any of said accounts or any item thereof may examine said accounts on or before the date set for confirmation, and that each of said accounts will be approved and ordered to record unless a formal hearing is ordered thereon on or before the date set for confirmation as provided by law.

It is well settled that courts have inherent power to adopt reasonable rules not in conflict with organic law or a valid statute. (Brown v Mossop, 139 Oh St 24, 37 N. E. (2d) 598, 21 OO 518.)

The foregoing rule giving interested persons three full weeks after advertisement within which to file a motion for a formal hearing on the account of a fiduciary is in the opinion of this court a reasonable rule, and we know of no statute with which it is in conflict.

In the absence of specific statutory authority, can a probate court approve the final account of a fiduciary and order his discharge?

**Section 8, Article IV of the Constitution of Ohio reads as follows:**

"The probate court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators, and

**336**

guardians, and such jurisdiction in habeas corpus, the issuing of marriage licenses and for the sale of land by executors, administrators and guardians, and such other jurisdiction, in any county or counties, as may be provided by law."

The subject of the settlement of the accounts of executors, administrators and guardians has been deemed of so much importance that it was incorporated in this special constitutional provision. This jurisdiction of the probate court to settle accounts is plenary and the legislature can in no respect limit it. It may enact laws specifically providing how accounts may be settled with safeguards intended to insure a fair hearing and due consideration of the rights of all parties interested, but that is the limit of its power. (McMahon v Ambach & Co., 79 Oh St 103, 86 N. E. 512; Hill v Blumemburg, 19 Oh Ap 404; In re Zimmerman, 141 Oh St 207, 47 N. E. (2d) 782, 25 OO 326.)

The legislature did not intend that a formal hearing, as authorized by §10506-36 to §10506-40 GC, should be required in all cases before the final account of a fiduciary could be approved and the fiduciary discharged. The procedure provided for a formal hearing is too cumbersome, technical and expensive to make it a uniform requirement. By the express language of §10506-36 GC, a formal hearing is to be held only "upon the request of the fiduciary or at the instance of the court, or upon motion of any person having an interest in the estate or trust."

The legislature having neglected to set up a procedure whereby the probate court can exercise the juridiction conferred upon it by the constitution, it is not deprived of that jurisdiction, and it may adopt reasonable rules whereby it may exercise such jurisdiction.

The constitution gives ample power to the probate court to settle the final account of an administrator, which would include a discharge of an administrator. Such approval and discharge amounts to a final judgment, subject to appeal and vacation as provided by law applicable to other final judgments of the probate court. (Crawford v Zeigler, 84 Oh St 224; Rowe v Surety Co., 36 Abs 36, 69 Oh Ap 291, 24 OO 74, 42 N. E. (2d) 706.)

In this particular case an examination of the account and the proof submitted with it indicates that all assets have been accounted for; that the expenditures are verified by proper vouchers; and that the account is duly balanced. No request for a formal hearing has been filed within the time fixed by the rule of the court. The account has been advertised as provided by law.

In view of these facts and the provisions of **Section 8, Article IV, of the Constitution of Ohio,** and Rule 21A of this court, the court therefore approves said account and orders that said administrator be discharged.